By the Court.—Freedman, J.
The appeal is from two orders made at special term denying the motion of the attorney of the plaintiffs in these actions to set aside the orders of discontinuance entered on consent of the plaintiffs. The orders of discontinuance were entered October 8, 1877. The amendment of section 66 of the Code of Civil Procedure, which gives to an attorney, from the commencement of the action, or the service of an answer;, containing a counterclaim, a lien upon his client’s cause of action or counterclaim, was not passed until 1879. For this reason Whittaker v. N. Y. & Harlem R. R. Co. (54 Super. Ct. 8) does not help the appellant. As the law stood in 1877, the lien of the *482 appellant as attorney for his compensation extended only to the papers in his hands, and upon proof of a settlement privately effected between the parties with the design of defrauding the attorney, the court could have insisted upon the payment to him of a reasonable compensation before granting a discontinuance. The actions were settled and discontinued by and between the parties and the orders of discontinuance entered, without notice to the appellant. This was clearly irregular so far as he wa's concerned, and upon his motion the orders of discontinuance might have been set aside. But the orders were not a nullity. They were good as between the parties, and the appellant could ratify them by acquiescence. Copies of the orders of discontinuance were served on the appellant on October 10, 1877, and for about eight years he did acquiesce. Moreover he elected to pursue another remedy. He brought an action in this court against Van Wagenen and the two Neills,* in which he alleged that by a parol assignment the Neills had assigned to him all their right, title and interest in and to the causes of action upon which the above entitled actions had been brought; that notice of this assignment had been given to Van Wagenen ; and that Van Wagenen and the Neills had conspired together to defraud him and fraudulently had settled the said actions and procured them to be discontinued. He also averred that in consequence of said conspiracy and fraud he had sustained damages to the amount of ten thousand dollars, and he prayed judgment for that amount. The orders of discontinuance were thus made' the basis of the action brought by the appellant, and consequently the bringing of the action was in affirmance of the orders.
Upon this state of facts the motion made by the appellant after the lapse of eight years to have the orders of discontinuance set aside, was properly denied. More *483 over he was not injured by the said orders so far as his interest related to the indebtedness due to him by the Neills or to the causes of action which had been assigned to him. He could have enforced his rights in these respects in proper actions notwithstanding the discontinuance.
The order appealed from should be affirmed, with $10 costs and disbursements.
O’Gorman, J., concurred.

 See following case in this volume.